IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEAGUE OF UNITED LATIN AMERICAN CITIZENS,

*Plaintiff,*

v.

RALINA CARDONA, SINDY BENAVIDES, AND JUAN CARLOS LIZARDI,

*Defendants.*

Case No. _____

ORIGINAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff League of United Latin American Citizens ("LULAC") hereby sues Defendants Ralina Cardona, Sindy Benavides, and Juan Carlos Lizardi for trademark infringement, trademark counterfeiting, and unfair competition under the Federal Lanham Act, 15 U.S.C. § 1051, *et seq.* and Texas common law.  Defendants are imposters, who are formerly associated with LULAC, who were temporarily suspended from national office in July, 2022, and then removed from national office by full board vote on October 22, 2022. Yet they continue to represent themselves to be national LULAC officers, and despite their expulsion, they have used counterfeits of at least two of LULAC's trademarks in their scheme to confuse the media, donors, members, and even Elon Musk of Twitter. Defendants are engaging in these misrepresentations and unfair competition to extort terms from LULAC.

Due to the willful and malicious behavior of Defendants, LULAC is entitled to statutory damages, at its election, in the amount of $2,000,000 per each of the counterfeited marks against each of Defendants for a total of up to $12,000,000.  LULAC is also entitled to be compensated

for its actual damages caused by Defendants' conduct, which is substantial.  Due to the exceptional nature of this case, LULAC is entitled to treble damages and its attorney's fees and costs incurred in bringing this suit.

LULAC also seeks injunctive relief to protect the status quo and prevent further irreparable harm for which money damages cannot compensate.  By way of one example only, after her contract with LULAC was terminated, Defendant Benavides participated in a meeting between civil rights leaders and Elon Musk of Twitter on November 2, 2022 by misrepresenting her affiliation with LULAC.  Defendants and all persons acting in concert with them should be immediately and permanently restrained from further representing that they are still affiliated or associated with LULAC or representing its interests or authorized to speak on its behalf, further representing that Defendants are somehow the "new" or "real" LULAC, and further using LULAC's trademarks and counterfeits thereof.

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 15 U.S.C. §§ 1114 and 1125(a) and Texas state common law.  Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338.  Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the Federal claims in this action over which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the Defendants direct their infringing activities towards consumers and conduct substantial business in this Judicial District, where LULAC's National President maintains an office.

THE PARTIES

3.       LULAC was founded in 1929 and is the oldest and most widely respected Hispanic civil rights organization in the United States of America.   LULAC is a 501(c)(4) non-profit corporation organized and existing pursuant to the laws of the State of Texas.  LULAC's national office and principal place of business is located at 221 N Kansas St, E1 Paso, Texas 79901.

4.       Defendant Ralina Cardona is an individual, who, upon information and belief, resides and can be served at 286 Alexander Avenue, Bronx, NY 10454.  Ms. Cardona currently claims to be a member of the National Board of Directors of LULAC and therefore is estopped from denying or contesting that she can also be served at LULAC's national office and principal place of business at 221 N Kansas St, El Paso, TX 79901, or by and through the Texas Secretary of State.

5.       Until recently, Cardona was a Vice President and a member of LULAC's Board of Directors. By virtue of her position, she conducted substantial and continuous business in Texas. Cardona regularly attended meetings and conventions in Texas for, and on behalf of, LULAC. Cardona was removed from her office for, among other things, defying a Temporary Restraining Order issued from a Dallas Texas District Court.

6.       Defendant Sindy Benavides is the former Chief Executive Officer and a member of the National Board of Directors of LULAC.  Ms. Benavides claims to be the current Chief Operating Officer of LULAC, and therefore, is estopped from denying or contesting that she can be served at LULAC's national office and principal place of business at 221 N Kansas St, El Paso, TX 79901 or by and through the Texas Secretary of State.

7.       By virtue of her position, she conducted substantial and continuous business in

Texas. Benavides regularly attended meetings and conventions in Texas for, and on behalf of, LULAC, and regularly communicated with Texas State Representatives and Senators regarding advocacy and lobbying through LULAC. Benavides was removed from her office for, among other things, defying a Temporary Restraining Order issued from a Dallas Texas District Court.

8.      Defendant Juan Carlos Lizardi is an individual, who, upon information and belief, resides and can be served at 286 Alexander Avenue, Bronx, NY 10454. He is married to Defendant Ralina Cardona.

9.      Lizardi is a former president and Deputy Director of a LULAC council for New York. By virtue of his position, he regularly interacted with the LULAC Membership Office in El Paso. Lizardi also ran as a candidate to be the National President of LULAC. Each of the Defendants' have been to Dallas multiple times, LULAC is a Texas chartered non-profit and Defendants previously served on the board. The National president of LULAC is Domingo Garcia, whose residence and national office  is located at 1111 W. Mockingbird Lane, suite 1200, Dallas, Texas 75247.

Factual Background

A.      **LULAC's Business**

10.      The League of United Latin American Citizens or "LULAC" is the oldest, largest, and most widely respected Hispanic civil rights organization in the United States. LULAC was founded in Corpus Christi, Texas on February 17, 1929.  Today, LULAC has several thousand members throughout Texas, and approximately 132,000 members and supporters and more than 1,000 councils throughout the United States.

11.      The LULAC organization is formed by creating councils. *See* Article I, § 3 ("The

League of United Latin American Citizens shall be made up of affiliated councils which shall be chartered by the National Board of Directors under authority of the National Assembly as set forth in this Constitution") of the LULAC Constitution.  Local LULAC councils organize and perform community service in their local communities.  Under the Rules, a council is formed by 11 persons, paying dues, and a charter application.  When chartered, councils are licensed to use the LULAC logo and represent themselves as a LULAC council.

12.    LULAC owns federally registered trademarks, including:

| Mark | Design | Reg. No. Date | Goods & Services |
|------|--------|---------------|------------------|
| LULAC |  | 3211326 20-FEB-2007 | Association services, namely, promoting the interests of Hispanic Americans; charitable services, namely organizing and conducting volunteer programs and community service projects; conducting trade shows in the field of Hispanic culture and diversity; education leadership development; employment counseling and recruiting; lobbying services, namely promoting the interests of Hispanic Americans in the fields of legislation and regulation |
| LULAC | | 3211325 20-FEB-2007 | Association services, namely, promoting the interests of Hispanic Americans; charitable services, namely organizing and conducting volunteer programs and community service projects; conducting trade shows in the field of Hispanic culture and diversity; education leadership development; employment counseling and recruiting; lobbying services, namely promoting the interests of Hispanic Americans in the fields of legislation and regulation |

The marks identified in this paragraph will be referred to as the "LULAC Registered Marks."

13.     In addition, LULAC owns common law trademark rights to the following marks:

| Mark | Design | Goods & Services |
|------|--------|------------------|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS | | INT. CL. 200 Indicating membership in a(n) Hispanic Association<br>INT. CL. 016 general feature magazines; and newsletters, pamphlets, journals, books, and printed instructional, educational and teaching materials on the subject of and featuring civic, political, economic, and social issues, activities and events<br>INT. CL. 041 educational services; namely, providing instruction, training, workshops, and seminars on subjects of interest and concern to Hispanics; publication of magazines, newsletters, pamphlets, books, and printed materials on subjects of interest and concern to Hispanics; educational research services; and arranging and conducting educational and civic conferences<br>INT. CL. 042 association services; namely, promoting the interests of Hispanics and consultation services in connection thereof |
| L.U.L.A.C. LEAGUE OF UNITED LATIN AMERICAN CITIZENS 1929 |  | INT. CL. 041 educational services; namely, providing instruction, training, workshops, and seminars on subjects of interest and concern to Hispanics; publication of magazines, newsletters, pamphlets, books, and printed materials on subjects of interest and concern to Hispanics; educational research services; and arranging and conducting educational and civic conferences<br>INT. CL. 042 association services; namely, promoting the interests of Hispanics and consultation services in connection thereof<br>INT. CL. 016 general feature magazines; and newsletters, pamphlets, journals, books, and printed instructional, educational and teaching materials on the subject of and featuring civic, political, economic, and social issues, activities and events |
| L.U.L.A.C. |  | INT. CL. 041 educational services; namely, providing instruction, training, workshops, and seminars on subjects of interest and concern to Hispanics; publication of magazines, newsletters, pamphlets, books, and printed materials on subjects of interest and concern to Hispanics; educational research services; and arranging and conducting educational and civic conferences<br>INT. CL. 042 association services; namely, promoting the interests of Hispanics and consultation services in |

| | | |
|---|---|---|
| | | connection thereof<br>INT. CL. 016 general feature magazines; and newsletters, pamphlets, journals, books, and printed instructional, educational and teaching materials on the subject of and featuring civic, political, economic, and social issues, activities and events |
| LULAC | | INT. CL. 041 educational services; namely, providing instruction, training, workshops, and seminars on subjects of interest and concern to Hispanics; publication of magazines, newsletters, pamphlets, books, and printed materials on subjects of interest and concern to Hispanics; educational research services; and arranging and conducting educational and civic conferences<br>INT. CL. 042 association services; namely, promoting the interests of Hispanics and consultation services in connection thereof<br>INT. CL. 016 general feature magazines; and newsletters, pamphlets, journals, books, and printed instructional, educational and teaching materials on the subject of and featuring civic, political, economic, and social issues, activities and events |

The marks identified in this paragraph will be referred to as the "LULAC Common Law Marks." The "LULAC Registered Marks" and the "LULAC Common Law Marks" will be referred to collectively as the "LULAC Marks." As shown in the trademark registrations, LULAC has used its marks in commerce since as early as 1929. These marks are therefore entitled to a high degree of protection.

14. In addition, the LULAC Registered Marks are incontestable pursuant to 15 U.S.C. § 1065 and serve as conclusive evidence of LULAC's ownership of the marks, and of its exclusive right to use those marks in commerce on or in connection with the services identified in the registrations as provided by 15 U.S.C. § 1115(b).

15. As of October 22, 2022 through the present, none of Defendants were authorized to use the LULAC Marks, to represent that any of them individually or collectively is/are the

"real" or "new" LULAC, or to suggest that any Defendant is currently affiliated, connected with, or associated with LULAC or has the right to speak for LULAC.   As established below, Defendants have embarked on a mission of disinformation, trademark infringement and counterfeiting, unfair competition, and generally passing themselves off as being affiliated with LULAC when they know they are not.  These actions were done willfully and maliciously.

**B.      The Imposters' Counterfeiting and Unfair Competition**

16.     This action arises out of Defendants' use of the iconic LULAC Marks detailed above as well as misrepresentations.  Defendants' use of the LULAC Marks is not authorized by LULAC.   By presenting LULAC branded associations in such an unauthorized manner, Defendants are not only damaging LULAC and causing immediate and irreparable harm to LULAC, but also are deceiving and harming the public.

17.     The LULAC Marks have been used in interstate commerce to identify and distinguish LULAC's services for several decades prior to Defendants' wrongful adoption and use of the counterfeit marks.

18.     The LULAC Marks have never been assigned to any of Defendants in this matter, nor are Defendants licensed to use those marks.

19.     The LULAC Marks are a symbol of LULAC quality, reputation, and goodwill, and have never been abandoned.

20.     Further, LULAC has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the LULAC Marks.

21.     LULAC has extensively used, advertised, and promoted the LULAC Marks in the United States in association with its mission of social advocacy and has carefully monitored and

policed the use of the LULAC Marks.

22.     As a result of LULAC's efforts, members of the public readily identify the LULAC

Marks as being sponsored and approved by LULAC.

23.     Upon information and belief, on October 28, 2022, Defendant Cardona

purported to release an official statement from LULAC, upon which she unlawfully used the

LULAC Registered Marks in close proximity to the words "Official Statement" to give the false

impression that the statement was actually coming from LULAC:



24.     Defendant Cardona, or others working on her behalf, have distributed this and

other false statements attributed to LULAC through Twitter:



25.     Defendant Cardona has used, and may still be using, the LULAC Registered Marks on her social media profile pages to give the false impression that she is associated with LULAC and has falsely asserted that she is associated with LULAC by claiming she is the "LULAC National President:"



26.     Defendant Benavides has used, and may still be using, the LULAC Registered Marks on her social media profile pages to give the false impression that she is associated with

LULAC and has falsely asserted that she is associated with LULAC by claiming she is the "Chief Executive Officer at LULAC:"



27.     Defendant Benavides has also used the LULAC Registered Marks as a backdrop in profile pictures to give the false impression that she is associated with LULAC:



28.     Upon information and belief, Defendant Benavides falsely held herself out as a representative of LULAC in discussions with Elon Musk in talks about Twitter's election policies:



29.     The story of how this recently fired employee attended this meeting has been covered extensively in the press: https://aldianews.com/en/leadership/advocacy/lulacs-false-rep.

30.     Defendant Lizardi has used, and may still be using, the LULAC Registered Marks on his social media profile pages to give the false impression that he is associated with LULAC and has falsely asserted that he is associated with LULC by claiming he is the "LULAC New York Deputy State Director" and Vice Chair LULAC National Educational Services Centers:"



31.     Defendants in this action had full knowledge of LULAC's ownership of the

LULAC Marks, including its exclusive right to use and license such intellectual property and the associated goodwill.

32.     LULAC has discovered Defendants are promoting and otherwise, distributing, information with counterfeit marks that are exact copies of the LULAC Marks.  Defendants are using the LULAC Marks in the same stylized fashion, without any lawful association with LULAC.

33.     The net effect of Defendants' actions is to result in the confusion of those who will believe Defendants are genuinely associated and may speak as agents for LULAC.

34.     Defendants are conducting their counterfeiting and infringing activities at least within this District.  As a result, Defendants are defrauding LULAC and the consuming public for Defendants' own benefit.  Defendants' infringement and disparagement of LULAC does not simply amount to the wrong description of their association.

35.     Defendants' use of the LULAC Marks is without LULAC's consent or authorization.

36.     Further, Defendants are engaging in the above-described counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to LULAC's rights for the purpose of trading on the goodwill and reputation of LULAC. If Defendants' intentional unlawful activities are not enjoined by this Court, LULAC and the public will continue to be damaged and irreparably harmed.

37.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of the public.  Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive the public into believing there is a connection or association between LULAC and Defendants.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT
### PURSUANT TO § 32 OF THE LANHAM ACT

38.     LULAC re-alleges the allegations set forth above.

39.     This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, against Defendants based on their use of identical marks to one or more of the LULAC Registered Marks.

40.     Specifically, Defendants are promoting themselves and otherwise using colorable imitations of the LUAC Registered Marks.  In so doing, Defendants are infringing, directly and contributorily, the LULAC Registered Marks.

41.     Defendants' infringing activities are likely to cause confusion, mistake, and deception among members of the trade, media, donors and potential donors of LULAC, members of LULAC, and the general consuming public as to the origin and quality of Defendants' services as well as their affiliation with LULAC.

42.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damage to LULAC.

43.     Defendants' above-described actions constitute infringement of the LULAC Registered Marks in violation of LULAC's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.  As established by the registration of the marks, the LULAC Registered Marks are protectable and enforceable against Defendants, and LULAC is the owner and senior user of the marks.

44.     LULAC has suffered and will continue to suffer irreparable injury due to the above-described activities of Defendants if they are not enjoined.

45.     In accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), LULAC is

entitled to recover from Defendants: (i) LULAC's damages, (ii) Defendants' profits, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendants' conduct, LULAC seeks treble the amount of damages.  Alternatively, LULAC is entitled to statutory damages of up to $2 Million per counterfeit mark, per type of goods/services, due to Defendants' willful counterfeiting in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(c)(2).  LULAC also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

## COUNT II - FEDERAL TRADEMARK COUNTERFEITING PURSUANT TO § 32 OF THE LANHAM ACT

46.     LULAC re-alleges the allegations set forth above.

47.     This is an action for trademark counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, against Defendants based on their use of counterfeits of one or more of the LULAC Registered Marks.

48.     Specifically, Defendants are promoting themselves and otherwise using counterfeits of the LULAC Registered Marks.  The Defendants are infringing and inducing others to infringe the LULAC Registered Marks.

49.     Defendants' infringing activities are likely to cause confusion, mistake, and deception among members of the trade, media, donors and potential donors of LULAC, members of LULAC, and the general consuming public as to the origin and quality of Defendants' services as well as their affiliation with LULAC.

50.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damage to LULAC.

51.     Defendants' above-described illegal actions constitute counterfeiting of the LULAC

Registered Marks in violation of LULAC's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. As established by the registration of the marks, the LULAC Registered Marks are protectable and enforceable against Defendants, and LULAC is the owner and senior user of the marks.

52.     LULAC has suffered and will continue to suffer irreparable injury due to the above-described activities of Defendants if they are not enjoined.

53.     In accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), LULAC is entitled to recover from Defendants: (i) LULAC's damages, (i) Defendants' profits, and (ii) the costs of this action. Due to the knowing, intentional, and purposeful nature of Defendants' conduct, LULAC seeks treble the amount of its damages. Alternatively, LULAC is entitled to statutory damages of up to $2 Million per counterfeit mark, per type of goods/service, due to Defendants' willful counterfeiting in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(c)(2). LULAC also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

## COUNT III - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(A) OF THE LANHAM ACT

54.     LULAC re-alleges the allegations set forth above.

55.     In addition to the aforementioned trademark infringement and trademark counterfeiting, Defendants have engaged in a mission of misrepresentations through for example misleading press releases and public statements claiming false affiliations with LULAC, misrepresenting their affiliation with LULAC in social media posts and profiles, and gaining entry to a meeting with Elon Musk of Twitter. These actions have been committed in the course of

interstate commerce and have been widely distributed throughout the United States, including in this Judicial District.

56.     Defendants' illegal activities are likely to cause confusion, mistake, and deception among members of the trade, media, donors and potential donors of LULAC, members of LULAC, and the general consuming public as to the origin of Defendants' services as well as their affiliation with LULAC.  Defendants' actions to represent themselves as being affiliated with LULAC or speaking on behalf of LULAC when they are not so authorized have damaged LULAC and caused confusion.

57.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     LULAC has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, LULAC will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

59.     In accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), LULAC is entitled to recover from Defendants: (i) LULAC's damages, (ii) Defendants' profits and (ii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendants' conduct, LULAC seeks treble the amount of damages. LULAC also seeks its reasonable attorneys' fees due to the exceptional nature of this case.

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

60.     LULAC re-alleges the allegations set forth above.

61.     This is an action for common law trademark infringement against Defendants based on their use of infringing marks in violation of the common law of the State of Texas.

62.     Specifically, Defendants are promoting themselves and otherwise using colorable imitations of the LUAC Marks. In so doing, Defendants are infringing, directly and contributorily, the LULAC Marks.

63.     As established by the registration of the marks, the LULAC Marks are protectable and enforceable against Defendants, and LULAC is the owner and senior user of the marks.

64.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among  members of the trade, the media, donors and potential donors to LULAC, LULAC's members, and the general consuming public as to the origin of Defendants' services and their affiliation with LULAC.  LULAC has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

65.     Absent entry of an injunction by this Court, LULAC will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

66.     In accordance with Texas law, LULAC is entitled to recover, in addition to LULAC's damages and Defendants' profits, exemplary damages due to the knowing, willful, and intentional nature of Defendants' actions.

## COUNT V - COMMON LAW UNFAIR COMPETITION

67.     LULAC re-alleges the allegations set forth above.

68.     This is an action for common law unfair competition against Defendants based on their false promotion, press releases, media communications, social media profiles bearing counterfeit trademarks, and statements that each is associated with LULAC.  As established above, these acts of unfair competition have been directed to Texas and have occurred in this Judicial District.

69.     Specifically, Defendants are promoting themselves as being currently affiliated with LULAC and otherwise using colorable imitations of the LUAC Marks.  In so doing, Defendants are infringing, directly and contributorily, the LULAC Marks and passing themselves off as affiliated with LULAC.

70.     Defendants' unfair competition activities are likely to cause and are causing confusion, mistake, and deception among members of the trade, the media, donors and potential donors to LULAC, LULAC's members, and the general consuming public as to Defendants' affiliation with LULAC.

71.     LULAC has sustained actual injury and damage caused by Defendants' conduct and absent an entry of an injunction by this Court, LULAC will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

72.     According to Texas law, LULAC is entitled to recover, in addition to LULAC's actual damages and Defendants' profits, exemplary damages due to the knowing, willful, and intentional nature of Defendants' actions.

APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

73.     LULAC re-alleges the allegations set forth above.

74.     Unless enjoined, Defendants will continue to use marks that are likely to cause confusion as to the source of their products or services.  Defendants will also continue to make false statements suggesting that they are affiliated with LULAC or speak on behalf of LULAC. These actions violate the Lanham Act and Texas common law.

75.    LULAC is therefore entitled to a preliminary injunction and, upon hearing, a permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendants from:

a.   infringing or counterfeiting the LULAC Marks;

b.   using any logo, trade name, trademark, or trade dress, which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with LULAC;

c.   falsely representing themselves as being connected with LULAC, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public, including but not limited to members of the media, donors or potential donors of LULAC, and LULAC members to believe any goods or services of Defendants, or that Defendants individually are in any way endorsed by, approved by, and/or associated with LULAC;

d.   using any reproduction, counterfeit, copy, or colorable imitation of the LULAC Marks in connection with the media, social media, publicity, promotion, sale, or advertising of any goods or services sold by the Defendants;

e.   affixing, applying, annexing, or using in connection with the sale of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' services as being those of LULAC, or in any way endorsed by or affiliated with LULAC; and

f.   otherwise unfairly competing with LULAC.

76.     For these actions, there is no adequate remedy at law.   LULAC is substantially likely to prevail on the merits of these claims, and the injury to LULAC greatly outweighs any injury to Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of LULAC.   Finally, the injunction will not disserve the public interest. Therefore, LULAC is entitled to preliminary and permanent injunctive relief against Defendants.

**PRAYER FOR RELIEF**

77.     LULAC demands judgment against Defendants, individually and jointly, as follows:

a. Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from the acts described in Paragraph 75 of this Complaint;

b. Entry of an order requiring Defendants, within 30 days after entry of the injunction, to account to LULAC (in writing and under oath) and pay LULAC for all profits and damages resulting from Defendants' unfair competition, trademark infringement, and trademark counterfeiting;

c. Entry of an order awarding LULAC its actual damages, Defendant's profits, and exemplary damages against Defendants, finding this case to be exceptional in LULAC's favor and awarding LULAC treble damages, as provided for under 15 U.S.C. § 1117, or, at LULAC's election with respect to Counts I and II, that LULAC be awarded statutory damages from each Defendant in the amount of $2,000,000 per counterfeit LULAC Registered Mark used and goods/services sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act;

d.   Entry of an order in accordance with 15 U.S.C. § 1118 that all materials in Defendants' possession or control bearing the LULAC Marks be surrendered for destruction;

e.   Entry of an order awarding LULAC pre- and post-judgment interest on its judgment at the maximum allowable interest rate;

f.   Entry of an order in accordance with 15 U.S.C. § 1117(a) and (b) awarding LULAC its costs and reasonable attorneys' fees and costs associated with bringing this action; and

g.   Entry of an order awarding LULAC such other and further relief as the Court may deem just and proper.


Dated:  November 10, 2022.                          Respectfully submitted,


                                                    /s/ Darin M. Klemchuk
                                                    Darin M. Klemchuk
                                                    Texas Bar No. 24002418
                                                    darin.klemchuk@klemchuk.com
                                                    Brian Casper
                                                    Texas Bar No. 24075563
                                                    brian.casper@klemchuk.com
                                                    Mandi Phillips
                                                    Texas Bar No. 24036117
                                                    mandi.phillips@klemchuk.com

                                                    KLEMCHUK LLP
                                                    8150 N. Central Expressway
                                                    10th Floor
                                                    Dallas, TX 75206
                                                    (214) 367-6000
                                                    (214) 367-6001 (fax)

                                                    ATTORNEYS FOR PLAINTIFF
                                                    LULAC